UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CASTILLO GRAND LLC,                             :
                                                :
       **Plaintiff,**                        :
                                                :
                                                :  **09 CV 7197 (RPP)**
-against-                                       :
                                                :
                                                :
SHERATON OPERATING CORPORATION,                 :
                                                :
       **Defendant.**                        :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANT SHERATON OPERATING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR <u>JUST COSTS PURSUANT TO 28 U.S.C. § 1919</u>

**BICKEL & BREWER**

William A. Brewer III (WB 4805)
James S. Renard (*pro hac vice*)
Alexander D. Widell (AW 3934)
Eric P. Haas (*pro hac vice*)
767 Fifth Avenue, 50th Floor
New York, New York 10153
Telephone: (212) 489-1400
Facsimile: (212) 489-2384

**ATTORNEYS FOR DEFENDANT SHERATON OPERATING CORPORATION**

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ...................................................................................1

II. PROCEDURAL BACKGROUND..................................................................................2

    A. The Court Dismisses Castillo's First Action For Lack Of Subject Matter Jurisdiction..........................................................................................................2

    B. Castillo Ignores The Plain Language Of Section 1359 And Applicable Second Circuit Authorities By Commencing This Second Action Without Jurisdiction..........................................................................................................3

    C. The Court Dismisses This Second Action For Lack Of Subject Matter Jurisdiction..........................................................................................................5

    D. Castillo Caused Sheraton To Incur Costs By Filing The Second Action Without Jurisdiction..............................................................................................6

        1. Discovery-related costs..............................................................................7

        2. Costs related to the preparation and presentation of Sheraton's motion to dismiss ...................................................................................8

        3. Reasonable attorneys' fees ........................................................................8

III. ARGUMENT AND AUTHORITIES..............................................................................9

    A. The Standard For Awarding "Just Costs" Under Section 1919 ...............................9

    B. The Court Should Award Just Costs To Sheraton Because Castillo Filed This Second Action In Clear Violation Of Section 1359 And The Law Of This Circuit. ........................................................................................................10

IV. REQUEST FOR RELIEF ...............................................................................................13

Defendant Sheraton Operating Corporation ("Sheraton") files this Memorandum of Law in Support of its Motion for Just Costs Pursuant to 28 U.S.C. § 1919, as follows:

## I.

## **PRELIMINARY STATEMENT**

One day after the dismissal of its claims for lack of subject matter jurisdiction, Plaintiff Castillo Grand LLC ("Castillo") re-filed the <u>same</u> claims in the <u>same</u> court. Before Castillo initiated this second action, Sheraton repeatedly warned Castillo that federal diversity jurisdiction could not be manufactured and that any effort to do so would constitute a violation of 28 U.S.C. § 1359 ("Section 1359"). Castillo disregarded Sheraton's admonitions and re-filed its previously-dismissed claims even though it knew, or should have known, that the Court lacked subject matter jurisdiction.[1] As a result, Sheraton was forced to file another motion to dismiss, which the Court granted on December 9, 2009.

Castillo's decision to re-file the case in violation of Section 1359 caused Sheraton to expend considerable time, effort, and money in obtaining an order of dismissal. Sheraton was required to incur hundreds of thousands of dollars in expenses litigating a second federal action that, unquestionably, never should have been filed. Among other things, Sheraton conducted an investigation, propounded discovery requests, and took depositions regarding the transactions that Castillo hastily orchestrated in an unsuccessful attempt to concoct federal jurisdiction in the days (and hours) preceding its re-filing of the case. Importantly, none of the discovery needed to expose Castillo's jurisdiction-related manipulations and demonstrate the lack of complete diversity of citizenship between the parties will be of any use in the state court action. Further,

---

[1] Indeed, apparently recognizing the absence of federal jurisdiction, Castillo asserted virtually-identical claims in New York state court the day before its commencement of this action.

1

Sheraton incurred costs to prepare and successfully prosecute its motion to dismiss and to oppose Castillo's appeal to the Second Circuit (which was dropped on April 28, 2010). Accordingly, Sheraton requests that the Court award Sheraton an amount of at least $230,000 in "just costs" pursuant to 28 U.S.C. § 1919.

## II.

## PROCEDURAL BACKGROUND[2]

### A. The Court Dismisses Castillo's First Action For Lack Of Subject Matter Jurisdiction.

On July 21, 2006, Castillo filed a complaint in this Court against Sheraton asserting a variety of state law claims relating to the design and construction of a luxury hotel in Fort Lauderdale, Florida (Case No. 06 CV 5526, the "First Action").[3] Castillo alleged that this Court had subject matter jurisdiction over the claims in the First Action pursuant to 28 U.S.C. § 1332, "because the parties in interest are of diverse citizenship, and because the amount in controversy is more than $75,000."[4] In support of its jurisdictional claim, Castillo further alleged that: (1) "Plaintiff is a Florida limited liability company, with its principal place of business in Clearwater, Florida;" and (2) "defendant Sheraton is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1111 Westchester Ave., White Plains, New York 10604."[5]

---

[2] The relevant facts are set forth in the Court's Opinion and Order dated December 9, 2009 (Docket Entry 35), and Sheraton's Memorandum of Law in Support of Motion to Dismiss this Action for Lack of Subject Matter Jurisdiction (Docket Entry 14), and are summarized here for the Court's convenience.

[3] *See* Complaint, filed July 21, 2006 (Docket Entry 1 in the First Action).

[4] *See id.* ¶ 30.

[5] *See id.* ¶¶ 24 and 27.

On August 5, 2009, Sheraton filed a motion to dismiss the First Action for lack of subject matter jurisdiction after confirming that both Sheraton and Castillo were New York citizens at the time Castillo commenced the First Action.[6]  In response, Castillo conceded that one of its constituent members (Rochester Jacksonville, Inc.) was a New York citizen at the time Castillo filed its complaint and, thus, did not oppose Sheraton's motion to dismiss.  On August 13, 2009, the Court entered an order: (i) finding that it was without jurisdiction over the First Action because of the absence of complete diversity between the parties as required by 28 U.S.C. § 1332; and (ii) dismissing the First Action without prejudice.[7]

**B.    Castillo Ignores The Plain Language Of Section 1359 And Applicable Second Circuit Authorities By Immediately Commencing This Second Action Without Jurisdiction.**

Prior to the dismissal of the First Action (but only after Sheraton had exposed the lack of diversity between the parties), Castillo informed the Court that it intended to "cure" the jurisdictional defects and "refile" the case in federal court.[8]  Castillo represented that "such a result was expressly suggested as the proper approach by the Supreme Court" in *Grupo Dataflux v. Atlas Global Group, L.P.*[9]  On August 10, 2009, the Court held a telephonic conference with

---

[6] *See* Defendant's Motion to Dismiss This Action for Lack of Subject Matter Jurisdiction (Docket Entry 145 in the First Action).

[7] *See* Order dated August 13, 2009 (Docket Entry 160 in the First Action).

[8] *See* Endorsed Letter from Todd Soloway to the Court dated August 7, 2009, at 2 (Docket Entry 150 in the First Action); Transcript of Conference on August 10, 2009, at 7-8, 20 (Docket Entry 168 in the First Action).

[9] *See* Endorsed Letter from Todd Soloway to the Court dated August 7, 2009, at 2 (Docket Entry 150 in the First Action); *see also* Order dated December 9, 2009, at 18-19 (Docket Entry 35) ("Citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), Castillo argues that the Supreme Court has endorsed Castillo's decision to re-file this action.  Castillo misstates the holding of the *Grupo* case, which instead supports the decision reached herein .").

the parties to discuss Castillo's proposed course of action.[10]  During that conference, "counsel for Sheraton indicated that, based on their research, any attempt by Castillo to cure the diversity defects would violate 28 U.S.C. § 1359."[11]  By letters dated August 11 and 14, 2009, Sheraton demonstrated that Castillo's proposal to alter its citizenship and re-file the case in federal district court would, if effectuated, run afoul of Section 1359.[12]  Indeed, it would have been difficult for Sheraton to more clearly put Castillo on notice that re-filing the case in federal court was prohibited by law and, thus, would violate Federal Rule of Civil Procedure 11.

Castillo, however, ignored both plain language of Section 1359 and the Second Circuit law prohibiting transactions to concoct federal diversity jurisdiction.[13]  On August 14, 2009, Castillo re-filed its complaint against Sheraton in this Court (Case No. 09 CV 7197, the "Second Action") – one day *after* Castillo had filed virtually identical claims against Sheraton (in the

---

[10] *See* Endorsed Letter from Todd Soloway to the Court dated August 7, 2009, at 4 (Docket Entry 150 in the First Action).

[11] *See* Order dated December 9, 2009, at 4 (Docket Entry 35); Transcript of Conference on August 10, 2009, at 7-8, 20 (Docket Entry 168 in the First Action).

[12] *See* Letter from William Brewer to the Court dated August 11, 2009, at 4-6 (Declaration of James S. Renard in Support of Sheraton's Motion for Just Costs Pursuant to 28 U.S.C. § 1919 ("Renard Declaration") Ex. D) ("What Castillo proposes constitutes a blatant violation of 28 U.S.C. § 1359.  Clearly, any attempt to create or manufacture federal diversity jurisdiction where none otherwise exists is improper and will not be given effect.") (citing *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995); *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976); *O'Brien v. Avco Corp.*, 425 F.2d 1030, 1034 (2d Cir. 1969); *Weinberg v. Herzog*, No. 07 Civ. 18 (CM), 2007 U.S. Dist. LEXIS 25231, at *9 (S.D.N.Y. Mar. 27, 2007)); Letter from William Brewer to the Court dated August 14, 2009, at 6-7 (Docket Entry 167 in the First Action) ("Castillo has admitted itself into a most certain violation of 28 U.S.C. § 1359 in regard to any attempt to file a second case against Sheraton in federal district court.").

[13] *See* 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or jointed to invoke the jurisdiction of such court."); *Airlines Reporting Corp.*, 58 F.3d at 862 ("[W]e construe section 1359 broadly to bar any agreement whose 'primary aim' is to concoct federal diversity jurisdiction.").

4

form of counterclaims) in New York Supreme Court (the "State Court Action").[14] On September 8, 2009, Sheraton filed a motion to dismiss the Second Action for lack of subject matter jurisdiction because: (i) complete diversity of citizenship between parties did not exist at the time Castillo filed the Second Action; and (ii) Castillo's attempts to manufacture federal diversity jurisdiction violated Section 1359.[15]

C. **The Court Dismisses This Second Action For Lack Of Subject Matter Jurisdiction.**

On December 9, 2009, the Court issued an Opinion and Order granting Sheraton's motion to dismiss the Second Action for lack of subject matter jurisdiction.[16] In its Opinion, the Court recognized that:

> [A]t the August 10, 2009 teleconference, counsel for Sheraton indicated that, based on their research, any attempt by Castillo to cure the diversity defects would violate 28 U.S.C. § 1359. Counsel for Sheraton further indicated that it would need an opportunity to take discovery on the transactions Castillo planned to undertake in order to cure the diversity defects and that Sheraton would likely make a motion to dismiss any re-filed action, again for lack of subject matter jurisdiction.[17]

The Court also found that "Castillo's reorganization was undertaken 'to invoke the jurisdiction' of this Court as contemplated by the plain language of § 1359,"[18] and that "[t]he law is clear in this circuit that transactions engineered by a party for the purpose of creating federal

---

[14] *See* Complaint, filed August 14, 2009 (Docket Entry 1); Answer and Counterclaims in State Court Action dated August 13, 2009, at ¶¶ 206-265 (Renard Declaration Ex. E).

[15] Sheraton's Memorandum of Law in Support of Motion to Dismiss this Action for Lack of Subject Matter Jurisdiction at 22-25 (Docket Entry 14).

[16] *See* Opinion and Order dated December 9, 2009, at 1 (Docket Entry 35). Judgment was entered December 10, 2009. *See* Clerk's Judgment (Docket Entry 36).

[17] Opinion and Order dated December 9, 2009, at 4-5 (Docket Entry 35).

[18] *Id*. at 7.

5

diversity jurisdiction are precisely the sort of conduct prohibited by § 1359."[19] Thus, Castillo's arguments for invoking the Court's jurisdiction were "contrary to the broad language of Second Circuit precedent and contrary to the plain language of the statute."[20] Indeed, the Court's Opinion and Order made it clear that Castillo did not even come close to presenting a colorable case for the exercise of federal jurisdiction.[21]

On December 10, 2009, Castillo filed a notice of intent to appeal the Court's Opinion and Order to the United States Court of Appeals for the Second Circuit.[22] After proceeding with the appeal for more than five months and filing an unsuccessful motion to extend the appeal indefinitely until the conclusion of the State Court Action, Castillo stipulated to the dismissal of its appeal with prejudice. On April 28, 2010, the United States Court of Appeals for the Second Circuit issued a Mandate dismissing the appeal.[23]

### D. Castillo Caused Sheraton To Incur Costs By Filing The Second Action Without Jurisdiction.

Castillo's decision to file the Second Action in violation of Section 1359 has caused a significant waste of time and money. Sheraton was forced to incur over $30,000 in costs in this

---

[19] *Id*. at 8-9.

[20] *Id*. at 15.

[21] *See id.* at 1 ("[T]his Court finds it lacks subject matter jurisdiction over this action and Defendant's motion to dismiss is granted."); *id.* at 4 ("[T]he sole purpose of Castillo's reorganization between August 10 and August 14, 2009, was to remain in federal court."); *id.* at 7 ("Castillo's diversity-creating reorganization took place only in the face of a challenge to subject matter jurisdiction and was undertaken for the admitted purpose of trying to remain in federal court."); *id.* at 13 ("Castillo's actions have violated 28 U.S.C. § 1359 and nothing in the case is relied on by Castillo that compelled the contrary conclusion.").

[22] *See* Notice of Appeal in a Civil Case dated December 10, 2009 (Docket Entry 37). On the same day that Castillo filed its notice of appeal, Castillo filed a Note of Issue to set the case for trial in the State Court Action. The State Court Action is set for trial July 19, 2010.

[23] *See* Mandate filed April 30, 2010 (Docket Entry 38).

6

Second Action.[24]  In addition, Sheraton was required to incur over $200,000 in attorneys' fees investigating Castillo's jurisdictional allegations; preparing and propounding document requests, interrogatories, and third-party subpoenas; reviewing document productions; preparing for and taking depositions; conducting research; and preparing and arguing a motion to dismiss this Second Action for lack of subject matter jurisdiction.[25]

### 1. Discovery-related costs

Sheraton was forced to incur $12,456 in costs conducting discovery concerning Castillo's jurisdictional allegations and the transactions concocted by Castillo to manufacture federal diversity jurisdiction.[26]  Specifically, Sheraton incurred: (1) $5,405 in court reporting costs for the depositions of Greg Morris ("Morris") (who was designated as the authorized representative of Castillo and Rochester Jacksonville, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6)), Joel Giles ("Giles") (Castillo's transactional counsel who assisted in carrying out the jurisdiction-motivated reorganization of Castillo), and Sidney Azriliant ("Azriliant") (counsel to Barbara Santangelo, who negotiated the redemption of her membership interest as part of Castillo's reorganization);[27] (2) $2,652 in travel and lodging costs for the depositions of Morris, Giles, and Azriliant in Florida and New York;[28] (3) $2,324 in reproduction and support costs in

---

[24] *See* Renard Declaration ¶¶ 14-15.

[25] *See id.* ¶¶ 11-12, 18.  Of course, that figure was "in addition to" the millions of dollars in attorneys' fees and costs that Sheraton was forced to incur defending itself against Castillo's meritless claims in the First Action, which was also dismissed for lack of jurisdiction.  *Id.* ¶ 10.

[26] *See id.* ¶ 14.

[27] *Id.*

[28] *Id.*

connection the Morris, Giles, and Azriliant depositions;[29] and (4) $2,075 in miscellaneous discovery costs, including delivery and subpoena-related costs.[30]

### 2. Costs related to the preparation and presentation of Sheraton's second motion to dismiss

Sheraton was also forced to incur $22,978 in costs in connection with its motion to dismiss.[31] In particular, Sheraton incurred: (1) $3,829 in reproduction and litigation support costs in connection with preparing its motion to dismiss for lack of subject matter jurisdiction and brief in support, its motion to dismiss for improper venue and brief in support, and supporting declarations and exhibits;[32] (2) $11,106 in electronic research costs;[33] and (3) $8,043 in travel and lodging costs in connection with the hearing on Sheraton's motion to dismiss.[34]

### 3. Reasonable attorneys' fees

Finally, Sheraton was forced to incur over $200,000 in attorneys' fees investigating, preparing, and presenting its motion to dismiss the Second Action.[35] Those attorneys' fees were directly caused by Castillo's jurisdictional maneuverings and would not have been incurred if Castillo had not filed the Second Action in violation of Section 1359.[36]

---

[29] *Id.*

[30] *Id.*

[31] *See id.* ¶ 15.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *See id*. ¶¶ 10-13, 18 and Exhibit B.

[36] *Id*. ¶¶ 10-13, 16, 18-22.

8

### III.

### ARGUMENT AND AUTHORITIES

A.  **The Standard For Awarding "Just Costs" Under Section 1919**

To remedy the harm caused by a litigant improperly filing a complaint in federal court without jurisdiction, courts may award costs, including attorneys' fees, after an action has been dismissed for lack of jurisdiction.[37] Pursuant to 28 U.S.C. § 1919 ("Section 1919), "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."[38] Courts have interpreted "just costs" to include deposition costs, subpoena-related costs, exemplification costs, and other "reasonable expenses incurred in litigating the jurisdiction question."[39]

---

[37] *See* 28 U.S.C. § 1919; *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district court may award costs after an action is dismissed for want of jurisdiction."); *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (permitting the imposition of sanctions pursuant to Fed. R. Civ. P. 11 following dismissal for want of jurisdiction); *Correspondent Servs. Corp. v. J.V.W. Investment Ltd.*, 524 F. Supp. 2d 412, 419-20 (S.D.N.Y. 2007) ("[B]oth the Supreme Court and the Court of Appeals for the Second Circuit have held that, under appropriate circumstances, a district court lacking jurisdiction over the merits of any action may nonetheless determine collateral issues flowing from the underlying action and the manner in which the parties litigated the action.").

[38] 28 U.S.C. § 1919; *see also Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1264 (S.D. Fla. 2009) (awarding defendant just costs pursuant to 28 U.S.C. § 1919).

[39] *See FTSS Korea v. First Tech. Safety Sys., Inc.*, 254 F.R.D. 78, 80 (E.D. Mich. 2008) ("[T]he Court believes that the defendant should be reimbursed for the reasonable expenses incurred in litigating the jurisdiction question."); *United States v. Atkinson*, No. 94-7316, 2008 U.S. Dist. LEXIS 4654, at *9-11 (E.D. Penn. Jan. 23, 2008) (awarding $28,275.99 in deposition costs pursuant to 28 U.S.C. § 1919); *Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 06-C-361-C, 2007 U.S. Dist. LEXIS 38846, at *5-7 (W.D. Wis. May 23, 2007) (awarding subpoena and exemplification costs pursuant to 28 U.S.C. § 1919).

"Just costs" may also include attorneys' fees in appropriate circumstances.[40] In determining whether attorneys' fees should be awarded under Section 1919, the Court should consider: (i) the financial burden or hardship imposed on the defendant; and (ii) plaintiff's conduct in initiating the action in which the court lacked jurisdiction.[41] Castillo's conduct in initiating this Second Action, and the unnecessary financial burden imposed on Sheraton as a result, justify an award of attorneys' fees as part of Sheraton's "just costs."

**B.    The Court Should Award Just Costs To Sheraton Because Castillo Filed This Second Action In Clear Violation Of Section 1359 And The Law Of This Circuit.**

Castillo filed this Second Action even though it knew that the Court lacked subject matter jurisdiction pursuant to the plain language of Section 1359. During the teleconference with the Court on August 10, 2009, and in subsequent letters dated August 11 and 14, 2009, Sheraton expressly notified Castillo that filing this case in federal court constituted a blatant violation of Section 1359.[42] Indeed, the Court's Opinion and Order dismissing the Second Action pursuant

---

[40] *See Correspondent Serv. Corp. v. J.V.W. Investment Ltd.*, No. 99 Civ. 8934 (RWS), 2004 U.S. Dist. LEXIS 19341, at *47-51 (S.D.N.Y. Sept. 30 2004) (awarding attorneys' fees pursuant to 28 U.S.C. § 1919); *FTSS Korea*, 254 F.R.D. at 79 ("[T]he Court *does* have the authority to award reasonable costs, including attorneys' fees, when a matter is dismissed for want of jurisdiction.") (emphasis in original).

[41] *See Correspondent Serv. Corp.*, 2004 U.S. Dist. LEXIS 19341, at *47-51. The Court may also award attorneys' fees and costs pursuant to 28 U.S.C. § 1927. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). To award costs and fees pursuant to Section 1927, the Court must find clear evidence that: "(1) the offending party's claims were entirely meritless; and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000); *see also Thomas Am. Corp. v. Fitzgerald*, 175 F.R.D. 462, 465 (S.D.N.Y. 1997) (imposing sanctions pursuant to 28 U.S.C. § 1927).

[42] *See* Order dated December 9, 2009, at 4 (Docket Entry 35); Transcript of Conference on August 10, 2009, at 7-8, 20 (Docket Entry 168 in the First Action); Letter from William Brewer to the Court dated August 11, 2009, at 4-6; Letter from William Brewer to the Court dated August 14, 2009, at 6-7 (Docket Entry 167 in the First Action).

to Section 1359 confirms that there was no good faith basis for Castillo's decision to file this case in federal court.[43]  As the Court found, "[i]t is beyond dispute . . . that Castillo's reorganization was undertaken 'to invoke the jurisdiction' of this Court as contemplated by the plain language of § 1359."[44]  Moreover, contrary to Castillo's representations, "the *Grupo* case in no way 'endorses' Castillo's deliberate efforts to reconstitute its citizenship for the sole purpose of creating federal subject matter jurisdiction."[45]  Accordingly, the Court determined that "Castillo's actions have violated 28 U.S.C. § 1359 and nothing in the cases relied on by Castillo compels a contrary conclusion."[46]

Sheraton incurred considerable expenses re-litigating the jurisdictional issues in this Second Action.  Specifically, Sheraton incurred over $230,000 in reasonable and necessary costs, including attorneys' fees.[47]  The discovery conducted by Sheraton was required to expose the transactions orchestrated by Castillo to manufacture federal diversity jurisdiction and also to show that complete diversity of citizenship did not exist at the time Castillo filed the Second Action.[48]  Likewise, the costs incurred in litigating Sheraton's second motion to dismiss were

---

[43] *See* Order dated December 9, 2009, at 15 ("Castillo's narrow reading of § 1359 is contrary to the broad language or the Second Circuit precedent and contrary to the plain language of the statute.").

[44] *Id*. at 7 (emphasis added).

[45] *Id.* at 21.

[46] *Id*. (emphasis added).

[47] *See* Renard Declaration ¶¶ 10-16, 18-21.

[48] *See* Declaration of Eric P. Haas dated September 8, 2009, and attached exhibits (Docket Entry 13); Order dated December 9, 2009, at 6 (Docket Entry 35) ("It is apparent from the exhibits submitted as part of Defendant's moving papers and Plaintiff's opposition papers that the sole purpose of Castillo's reorganization between August 10 and August 14, 2009 was to remain in federal court.").

reasonable and necessary to ensure that the case did not needlessly continue in a court that lacked subject matter jurisdiction.[49]

Regrettably, the expenses and legal work caused by Castillo's decision to file – and to appeal the dismissal of – the Second Action imposed a significant financial burden. Furthermore, none of the discovery obtained in the Second Action will be useable in the State Court Action because, in that case, there is no dispute regarding the parties' citizenship or the court's jurisdiction.[50] In similar cases in which a litigant has improperly commenced an action in federal court, an award of reasonable costs and attorneys' fees has been found to be just and proper.[51] Thus, the extraordinary circumstances preceding the filing of this Second Action, including Sheraton's repeated warnings of the impropriety of such actions justify an award to Sheraton of just costs, including attorneys' fees, pursuant to Section 1919.[52]

---

[49] *See* Renard Declaration ¶¶ 12, 14-15, 21.

[50] *See FTSS Korea*, 254 F.R.D. at 79 ("[T]hose expenses addressing the federal jurisdictional issue are likely to be wasted, . . . . Therefore, the Court believes that the defendant should be reimbursed for the reasonable expenses incurred in litigating the jurisdiction question.").

[51] *See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F. Supp. 146, 154-55 (S.D.N.Y. 1987) (imposing sanctions and awarding attorneys' fees pursuant to Fed. R. Civ. P. 11 for filing case without jurisdiction); *Solloway v. Ellenbogen*, 121 F.R.D. 29, 30 (S.D.N.Y. 1988) ("The court determines that an appropriate sanction in this case shall consist of reimbursement to defendants of their reasonable attorneys' fees and costs in bringing the motion to dismiss."); *Dela Rosa v. 610-620 West 141 LLC*, No. 08 Civ. 8080 (PKL), 2009 U.S. Dist. 55058 at *14-18 (S.D.N.Y. June 24, 2009) (awarding attorneys' fees for improperly filing case federal court without jurisdiction).

[52] *See Correspondent Serv. Corp.*, 524 F. Supp. 2d at 423 (awarding attorneys' fees pursuant to 28 U.S.C. § 1919 for the time period after plaintiff was notified of lack of jurisdiction because plaintiff continued to contest jurisdiction); *FTSS Korea*, 254 F.R.D. at 80 (awarding "reasonable costs and attorneys' fees incurred by the defendant in disputing jurisdiction."); *Atkinson*, 2008 U.S. Dist. LEXIS 4654, at *9-11 (awarding $28,275.99 in deposition costs pursuant to 28 U.S.C. § 1919); *Z Trim Holdings, Inc.*, 2007 U.S. Dist. LEXIS 38846, at *5-7 (awarding subpoena and exemplification costs pursuant to 28 U.S.C. § 1919). Alternatively, the Court should award Sheraton its just costs, including attorneys' fees, incurred in litigating the

## IV.

## REQUEST FOR RELIEF

For the foregoing reasons, Sheraton respectfully requests that the Court: (i) grant its motion for just costs pursuant to 28 U.S.C. § 1919; (ii) award Sheraton at least $230,000 in just costs incurred in the Second Action; and (iii) grant Sheraton such additional relief to which it may be entitled.

Dated: New York, New York
       June 1, 2010

        Respectfully submitted,

        **BICKEL & BREWER**

By:  /s/  William A. Brewer III
      William A. Brewer III (WB 4805)
      James S. Renard (*pro hac vice*)
      Alexander D. Widell (AW 3934)
      Eric P. Haas (*pro hac vice*)
      767 Fifth Avenue, 50th Floor
      New York, New York 10153
      Telephone: (212) 489-1400
      Facsimile: (212) 489-2384

**ATTORNEYS FOR DEFENDANT SHERATON OPERATING CORPORATION**

---

Second Action pursuant to 28 U.S.C. § 1927. Given the fact that: (i) Castillo filed virtually identical claims in the Second Action and the State Court Action; and (ii) Castillo filed a Notice of Appeal in Second Action at the same time it filed papers setting the case for trial in the State Court Action, it is apparent that Castillo needlessly multiplied proceedings and wasted judicial resources by litigating the same claims in both state and federal court. *See supra*, nn.20-21.

13