UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASTILLO GRAND, LLC,

                           Plaintiff,

          - against -

SHERATON OPERATING CORPORATION,

                          Defendant.

09 CV 7197 (RPP) (GWG)

## CASTILLO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SANCTIONS AGAINST SHERATON'S COUNSEL PURSUANT TO 28 U.S.C. § 1927

PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
(212) 421-4100

*Attorney for Plaintiff*

*Of Counsel:*
    Todd E. Soloway
    tsoloway@pryorcashman.com
    William L. Charron
    wcharron@pryorcashman.com
    Joshua D. Bernstein
    jdbernstein@pryorcashman.com

Plaintiff Castillo Grand LLC ("Castillo") respectfully submits this reply memorandum of law in further support of its cross-motion against defendant Sheraton Operating Corporation ("Sheraton") for sanctions against Sheraton's counsel pursuant to 28 U.S.C. § 1927.

**ARGUMENT**

There is a deafening silence from Sheraton's counsel in response to Castillo's serious and well-founded accusations of misconduct. Castillo has now offered *uncontroverted* record evidence that Sheraton's counsel sought summary judgment from this Court while strategically sitting on evidence it had secretly "unearthed" (in this Court's words) of diversity jurisdiction defects. (See Bernstein Decl. at ¶¶ 17-27.) Sheraton's counsel shared its evidence strategically only after this Court had denied the most important parts of Sheraton's summary judgment motion. Sheraton's counsel all but admitted during oral argument before this Court that Sheraton, through its belated proffer of diversity problems, sought a "do-over" of the case in state court. This was all part and parcel of Sheraton's counsel's overall strategy of "hiding the ball" in this case (as this Court also observed during oral argument).

One would reasonably expect that Sheraton's counsel – if it could – would respond to Castillo's evidence and arguments with vigorous and vociferous sworn denials and evidence to prove that the record, at least on its face, is somewhat misleading. One would think that Sheraton's counsel would do everything they possibly could to provide objective background evidence to prove that they had *not* acted strategically and with mal intent. Indeed, Castillo's cross-motion papers invited Sheraton's counsel to be "placed under oath" on the topic. Yet Sheraton's counsel offers nothing – no sworn testimony or evidence – to rebut Castillo's charges. Instead, Sheraton's counsel carefully tailors its response so as merely to contend that Castillo's evidence is inadequate to prove that Sheraton's counsel should be sanctioned.

1

Sheraton's counsel is mistaken.  Castillo's cross-motion for § 1927 sanctions is effectively unopposed and it should be granted.

## **CONCLUSION**

For the foregoing reasons and for all the reasons previously submitted, Castillo respectfully requests that Sheraton's motion for "just costs" under 28 U.S.C. § 1919 be denied in all respects; and Castillo further respectfully requests that its motion for sanctions from Sheraton's counsel pursuant to 28 U.S.C. § 1927 be granted in all respects; and Castillo additionally respectfully requests such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 13, 2010

PRYOR CASHMAN LLP

By:\_\_\_/s/_____
Todd E. Soloway
tsoloway@pryorcashman.com
William L. Charron
wcharron@pryorcashman.com
Joshua D. Bernstein
jdbernstein@pryorcashman.com
7 Times Square
New York, New York 10036-6569
(212) 421-4100
*Attorneys for Plaintiff Castillo Grand, LLC*