UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CASTILLO GRAND LLC

                     Plaintiff,

         09 Civ. 7197 (RPP)

     - against -

**OPINION AND ORDER**

SHERATON OPERATING CORPORATION,

                     Defendant.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Defendant Sheraton Operating Corporation ("Sheraton") moves for just costs pursuant to 28 U.S.C. § 1919 on the grounds that Plaintiff Castillo Grand LLC ("Castillo") filed a second action in this Court in violation of 28 U.S.C. § 1359 ("Section 1359") causing Sheraton to incur considerable legal fees and expenses in obtaining an order of dismissal. Defendant Castillo opposes the motion and cross moves for sanctions against Sheraton pursuant to 28 U.S.C. § 1927.

      Castillo commenced this action by filing a complaint in this Court in July 2006 against Sheraton alleging state law claims and subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (See Complaint, Castillo Grand v. Sheraton Operating Co., No. 06 Civ. 5526 (July 21, 2006), ECF 1.) The Complaint alleged that this Court had subject matter jurisdiction "because the parties in interest are of diverse citizenship, and because the amount in controversy is more than $75,000." (Compl. at ¶ 30.) In support of the claim of diversity jurisdiction, the Complaint stated that "Plaintiff is a Florida limited liability company, with its principal place of business in Clearwater, Florida" and "Defendant Sheraton is a corporation organized and existing under the law of the State of Delaware with its principal place of business at 1111 Westchester Ave., White Plains, New York 10604." (Compl. at ¶¶ 24, 27.) This case was transferred from the White

1

Plains Courthouse to this Judge in Manhattan in November 2008.  On July 8, 2009, this Court denied in part Sheraton's Motion for Summary Judgment and set the case down for trial on September 8, 2009.  (See Opinion and Order, Castillo Grand v. Sheraton Operating Co., No. 06 Civ. 5526 (July 8, 2009), ECF 141.) On August 5, 2009, Sheraton filed a Motion to Dismiss the original action for lack of subject matter jurisdiction on the grounds that several of Castillo's constituent members were New York citizens at the time Castillo filed its complaint and therefore diversity jurisdiction did not exist.  In response, Castillo conceded that one of its constituent members was a New York citizen at the time Castillo filed its complaint, and thus did not oppose Sheraton's Motion to Dismiss.

On August 14, 2009, the Court entered an Order that i) found that it was without jurisdiction over the original action because of the absence of complete diversity between the parties as required by 28 U.S.C. § 1332; and ii) dismissed that action without prejudice.  (See Order, Castillo Grand LLC v. Sheraton, Operating Corp., No. 06 Civ. 5526 (August 14, 2009), ECF No. 160.)   Prior to the dismissal, counsel for Castillo by letter dated August 7, 2009 informed the Court that it intended to "cure" the jurisdictional defects and refile the case in federal court, citing as authority  City Grupo Dataflux v. Atlas Global Group L.P., 541 U.S. 567 (2004).  (See also Court Conference, August 10, 2009, Tr. at 18-19.)  Thereafter, by letters dated August 11 and 14, 2009, Sheraton reiterated its position that any attempt by Castillo to alter its citizenship's would, if authorized, violate Section 1359 citing Second Circuit authority in support of its position.  On August 13, 2009, Sheraton filed a complaint asserting its counterclaims against Castillo in Supreme Court, Westchester County.

On August 14, 2009, Castillo filed a new complaint against Sheraton in this court, which contained almost identical claims.  (Complaint, Castillo Grand LLC v. Sheraton Operating Corp.,

2

No. 09 Civ. 7197 (August 14, 2009), ECF 1.)  On September 8, 2009, Sheraton filed a Motion to Dismiss the new complaint for lack of subject matter jurisdiction because 1) complete diversity of citizenship between the parties did not exist at the time Castillo filed the new complaint and 2) Castillo had manufactured federal diversity in violation of Section 1359.

On December 9, 2009, this Court issued an opinion and order dismissing the new action for lack of subject matter jurisdiction and finding that Castillo's reorganization was undertaken to invoke the jurisdiction of the Court as contemplated by the plain language of §1359 and that "the law is clear in this circuit that transactions engineered by a party for the purpose of creating federal diversity jurisdiction are precisely the sort of conduct prohibited by § 1359." Castillo Grand LLC v. Sheraton Operating Co., No. 09 Civ. 7197, 2009 WL 4667104 (S.D.N.Y. December 9, 2009).  The Court also found that "the Grupo case in no way 'endorses' Castillo's deliberate efforts to reconstitute its citizenship for the sole purpose of creating federal subject matter jurisdiction" and determined that "Castillo's actions have violated 28 U.S.C. § 1359 and nothing in the cases relied on by Castillo compels a contrary conclusion." Id. at *7.  The Court also found that jurisdiction did not exist since the reorganization of New York members of the LLC had not been completed when the new complaint was filed.  Id.  On April 28, 2010 the Second Circuit issued a mandate dismissing the appeal.

28 U.S.C. § 1919 states "Whenever any action or suit is dismissed in any district court….for want of jurisdiction, such court may order the payment of just costs."  Sheraton argues that it incurred $200,000 in attorneys' fees in discovery in investigating Castillo's new jurisdictional allegations, preparing and propounding document requests, interrogatories and third party subpoenas; reviewing document productions, preparing and taking depositions of representatives of Castillo Rochester Jacksonville, Inc., of counsel to Barbara Santangelo, a

3

Castillo LLC member, as well as court reporting costs, travel costs, reproduction and support costs and miscellaneous expenses.

Castillo's position is that its decision to file a new complaint was motivated by its desire to maintain the September 8, 2009 trial date and avoid wasting more time and expense on a litigation that was essentially ready for trial. It also asserts that Sheraton concealed the issue of subject matter jurisdiction until the eve of trial. (Castillo's Mem. in Opp. and in Supp. of Castillo's Cross-Motion for Sanctions at 4-6; Bernstein Decl. at ¶ 16.) At argument on October 23, 2009, the Court expressed frustration with Sheraton's answers as to why its case now filed in Supreme Court Westchester County could not be tried on the record made in this Court and with Sheraton's Counsel's responses as to whether Sheraton was going to raise new issues in the Westchester action. (Castillo's Mem. in Opp. at 7-9, 11).

Castillo argues that justice is not served by awarding any costs to Sheraton. It points out that Castillo filed the new complaint "to avoid an egregious waste of judicial and party resources, and to try to protect its imminent trial date upon a closed record after more than three years of discovery and motion practice." (Id. at 12.) It accuses Sheraton of "hiding the ball," to borrow the Court's phrase, when the Court was trying to get assurances from Sheraton's counsel that the parties would get a prompt trial in Westchester and not cause any undue waste and delay. (Id.) Castillo also suggests that Sheraton had unclean hands because Sheraton strategically suppressed evidence in its possession at the time concerning Castillo's diversity allegations relying on the affidavit of its associate attorney Joshua B. Bernstein dated September 25, 2009. (Id. at 13.) Castillo further contends that, but for an agreement with Sheraton's counsel, it would have pursued an appeal of this Court's dismissal of the new complaint based on a theory of "minimal

4

diversity jurisdiction" suggested by the Supreme Court in <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 578 (2004).  (<u>Id.</u>)

Castillo's arguments in its Cross-Motion for Sanctions ascribe bad faith to Sheraton but do not demonstrate that, after the dismissal of the new action, Sheraton took actions inconsistent with this Court's concerns about undue delays and a possible waste of party resources and court resources in Supreme Court and Westchester County.  Furthermore, the Bernstein affidavit does not provide evidence that Sheraton engaged in strategic suppression of evidence of diversity. The affidavit merely recounts the remarks of an attorney for Sheraton which is an insufficient basis for the conclusion of a strategic suppression of evidence reached by Mr. Bernstein and counsel for Castillo.

While the Court sympathizes with Castillo's counsel's desire to maintain its trial date as support for filing the claim in this Court, counsel for Sheraton made clear, prior to the filing of the new complaint, that Plaintiff would run afoul of Section 1359 if it attempted to reconfigure Castillo, LLC to manufacture diversity jurisdiction and that any effort to do so would result in failure.  The plain reading of Section 1359 as well as case law supported Sheraton's counsel's warning.  <u>See</u> <u>Airlines Reporting Corp. v. S and N Travel, Inc.</u>, 58 F.3d 857, 862 (2d Cir. 1995) (Construing "section 1359 broadly to bar any agreement whose 'primary aim' is to concoct federal diversity jurisdiction.")

Furthermore, Plaintiff takes no issue with the Defendant's statement that the services for which it is requesting legal costs are of no value in the State Court proceeding.  Under these circumstances, legal costs under 28 U.S.C. § 1919 are found appropriate.  The Court has received Sheraton's counsel's hourly rates and hours spent on discovery and its motion to dismiss, as well as Sheraton's costs as it set forth in Sheraton's Ex. B, and finds them to be reasonable and in line

with rates charged by firms practicing law in the Southern District of New York. Plaintiff has not objected to these amounts. Accordingly, Sheraton's Motion for Just Costs is granted and Castillo's Cross-Motion for Sanctions is denied.

IT IS SO ORDERED.

Dated: New York, New York

December 23, 2009

Robert P. Patterson, Jr.

U.S.D.J.

**Copies of this order were faxed to:**

Todd Soloway
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
(212) 421-4100
Fax: (212) 798-6328

William A. Brewer III
Bickel & Brewer
767 Fifth Avenue, 50th Floor
New York, NY 10153
(212) 489-1400
Fax: (212) 489-2384

James S. Renard
Bickel & Brewer
4800 Bank One Center
1717 Main Street
Dallas, TX 75201
(214) 653-4000
Fax: (214) 653-1015