UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CASTILLO GRAND LLC

                                    Plaintiff,

                                                                    09 Civ. 7197 (RPP)

                 - against -
                                                                    **OPINION AND ORDER**

SHERATON OPERATING CORPORATION,

                                    Defendant.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On January 16, 2011 Plaintiff Castillo Grand LLC ("Castillo") moved for reconsideration

pursuant to Fed. R. Civ. P. 60(a), 60(b)(2) and Local Rule 6.3 of the December 23, 2010 Opinion

and Order of this Court granting Defendant Sheraton Operating Corporation's ("Sheraton")

motion for just costs pursuant to 28 U.S.C. § 1919 and denying Castillo's motion for sanctions

under 28 U.S.C. § 1927.  Sheraton filed an opposition brief on January 28, 2011 that included a

motion for sanctions against Castillo under 28 U.S.C. § 1927.  For the reasons stated below,

Castillo and Sheraton's motions are denied.

## BACKGROUND

Castillo filed a Complaint against Sheraton in this Court in July 2006, alleging state law

claims and subject matter jurisdiction based on the diversity of parties pursuant to 28 U.S.C. §

1332.  (See Complaint, Castillo Grand v. Sheraton Operating Co., No. 06 Civ. 5526 (July 21,

2006), ECF 1.) The Complaint alleged that this Court had subject matter jurisdiction "because

the parties in interest are of diverse citizenship, and because the amount in controversy is more

than $75,000." (Compl. at ¶ 30.)

On July 8, 2009, this Court denied in part Sheraton's Motion for Summary Judgment and

set the case down for trial on September 8, 2009.  (See Opinion and Order, Castillo Grand v.

Sheraton Operating Co., No. 06 Civ. 5526 (July 8, 2009), ECF 141.)  On August 5, 2009,

Sheraton filed a Motion to Dismiss the original action for lack of subject matter jurisdiction on

the grounds that several of Castillo's constituent members were New York citizens at the time

Castillo filed its complaint and therefore diversity jurisdiction did not exist.  In response, Castillo

conceded that one of its constituent members was a New York citizen at the time Castillo filed

its complaint, and thus did not oppose Sheraton's Motion to Dismiss.

On August 14, 2009, the Court entered an Order that i) found that it was without

jurisdiction over the original action because of the absence of complete diversity between the

parties as required by 28 U.S.C. § 1332; and ii) dismissed that action without prejudice. (See

Order, Castillo Grand LLC v. Sheraton, Operating Corp., No. 06 Civ. 5526 (August 14, 2009),

ECF No. 160.) Prior to the dismissal, counsel for Castillo by letter dated August 7, 2009

informed the Court that it intended to "cure" the jurisdictional defects and refile the case in

federal court, citing as authority City Grupo Dataflux v. Atlas Global Group L.P., 541 U.S. 567

(2004). (See also Court Conference, August 10, 2009, Tr. at 18-19.) Thereafter, by letters dated

August 11 and 14, 2009, Sheraton reiterated its position that any attempt by Castillo to alter its

citizenship would, if authorized, violate 28 U.S.C. § 1359, citing Second Circuit authority in

support of its position. On August 13, 2009, Sheraton filed a complaint asserting its

counterclaims against Castillo in Supreme Court, Westchester County.

On August 14, 2009, Castillo filed a new complaint against Sheraton in this court, which

contained almost identical claims. (Complaint, Castillo Grand LLC v. Sheraton Operating Corp.,

No. 09 Civ. 7197 (August 14, 2009), ECF 1.) On September 8, 2009, Sheraton filed a Motion to

Dismiss the new complaint for lack of subject matter jurisdiction because 1) complete diversity

of citizenship between the parties did not exist at the time Castillo filed the new complaint and 2) Castillo had manufactured federal diversity in violation of 28 U.S.C. § 1359.

On December 9, 2009, this Court issued an Opinion and Order dismissing the new action for lack of subject matter jurisdiction and finding that Castillo's reorganization was undertaken to invoke the jurisdiction of the Court as contemplated by the plain language of Section1359 and that "the law is clear in this circuit that transactions engineered by a party for the purpose of creating federal diversity jurisdiction are precisely the sort of conduct prohibited by § 1359." (09 Civ. 7197, 2009 WL 4667104 (S.D.N.Y. December 9, 2009).)  The Court also found that jurisdiction did not exist since the reorganization of New York members of the LLC had not been completed when the new complaint was filed. Id.  On April 28, 2010 the Second Circuit issued a mandate dismissing the appeal.

On June 1, 2010, Sheraton moved for just costs pursuant to 28 U.S.C. § 1919, on the grounds that Castillo filed a second action in this Court in violation of 28 U.S.C. § 1359, causing Sheraton to incur legal fees and costs in moving for dismissal.  Just costs include deposition and subpoena-related costs among other "reasonable expenses incurred in litigating the jurisdiction question."  FTSS Korea v. First Tech. Safety Sys., Inc., 254 F.R.D. 78, 80 (E.D. Mich. 2008). Under certain circumstances, just costs awarded pursuant to Section 1919 can also include attorneys' fees.  See Correspondent Serv. Corp., No. 99 Civ. 8934, 2004 WL 2181087 at * 15-16 (S.D.N.Y. 2004).  On July 6, 2010, Castillo filed a brief in opposition to Sheraton's motion that asserted a cross-motion for sanctions against Sheraton under 28 U.S.C. § 1927 on the grounds that Sheraton delayed the progress of the first action by invoking the Court's diversity jurisdiction in its counterclaims while simultaneously investigating, privately, whether the parties

were in fact diverse, and that Sheraton hid its evidence of diversity defects from Castillo and the Court until after its summary judgment motion was decided.

On December 23, 2010, this Court issued an Opinion and Order awarding costs and attorneys' fees to Sheraton under section 1919.  The Court found that "counsel for Sheraton made clear, prior to the filing of the new complaint, that Plaintiff would run afoul of Section 1359 if it attempted to reconfigure Castillo, LLC to manufacture diversity jurisdiction and that any effort to do so would result in failure."  (Opinion and Order, <u>Castillo Grand LLC v. Sheraton Operating Corp.</u>, No. 09 Civ. 7197 (December 23, 2010), ECF 52 at 5.)  In view of these warnings, the Court found the imposition of costs and attorneys fees to be justified.  The Court also denied Castillo's motion for sanctions, because Castillo failed to demonstrate that Sheraton took actions to generate delays in the trial of this dispute in Westchester after the dismissal of the first complaint.  (<u>Id.</u>)

On January 16, 2011 Plaintiff Castillo Grand LLC ("Castillo") moved for reconsideration pursuant to Fed. R. Civ. P. 60(a), 60(b)(2) and Local Rule 6.3 of the December 23, 2010 Opinion and Order of this Court  granting Defendant Sheraton Operating Corporation's ("Sheraton") motion for just costs pursuant to 28 U.S.C. § 1919 and denying Castillo's motion for sanctions under 28 U.S.C. § 1927.   Sheraton filed an opposition brief on January 28, 2011 that included a motion for sanctions against Castillo under 28 U.S.C. § 1927.   Castillo filed a reply brief in support of its motion for reconsideration and in opposition to Sheraton's motion for sanctions on February 18, 2011.

**DISCUSSION**

I.      Reconsideration Under Rule 60

Federal Rule of Civil Procedure 60(a) states that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Grounds for such relief include, among others, mistake or "newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial."  Fed. R. Civ. P. 60(b).  Motions for reconsideration made pursuant to Rule 60 must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked."  Local Civ. R. 6.3.  "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "may not be used to represent new facts, issues, or arguments not previously presented to the court."  Steinberg v. Ericsson LM Tele. Co., No. 07 Civ. 9615, 2008 U.S. Dist. 29836 at *3 (S.D.N.Y. Apr. 11, 2008).  "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way an original motion was resolved."  Davey v. Dolan, 496 F. Supp.2d 387, 389 (S.D.N.Y. 2009).   For the reasons stated below, Castillo's motion is denied.

   A.     Reconsideration of the Award of Just Costs, Including Attorneys' Fees, to
          Sheraton Pursuant to 28 U.S.C. § 1919

Castillo's first two arguments urge reconsideration of the award of just costs to Sheraton, including attorneys' fees, in the December 23 Opinion and Order.

Castillo first contends that the Court applied an incorrect legal standard in deciding to award attorneys' fees.  This argument is unavailing.  As the Court's Order stated, an award of

5

costs and attorneys' fees was justified by the fact that "counsel for Sheraton made clear, prior to the filing of the new complaint, that Plaintiff would run afoul of Section 1359 if it attempted to reconfigure Castillo, LLC to manufacture diversity jurisdiction, and that any effort to do so would result in failure.  The plain reading of Section 1359 as well as case law supported Sheraton's warning."  (Order and Opinion at 5.)  These circumstances were sufficient to justify the imposition of attorneys' fees on Castillo pursuant to 28 U.S.C. § 1919.  See Correspondent Serv. Corp., 2004 WL 2181087 at * 15-16.

Second, Castillo argues that the Court overlooked their objection to the reasonableness of Sheraton's fees, which was contained in a footnote on page 15 of their Memorandum in Opposition to Sheraton's Motion for Just Costs, and that therefore fees should not be awarded without a hearing.  (Pl.'s Mem. in Opp., 08 Civ. 7197, ECF No. 45 at 15 n.3.)  The objections in this footnote were general accusations that Defendant's law firm overstaffed the case, improperly billed in half-hour increments and inadequately described the work for which they were billing.

Castillo was given notice and a full and fair opportunity to respond to Sheraton's itemized request for fees and costs.  Castillo's objections to Sheraton's request were made in a perfunctorily in a footnote.  These objections were not accompanied by supporting affidavits or by the submission of Castillo's counsel's billing records during the same period to provide a means of comparison.

The Court is not required to hold a hearing prior to the award of fees.  In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 303 (1st Cir. 1995).  Defendant's written submissions were sufficient for the Court to review the reasonableness of the requested fees.  As stated in the Opinion, the Court reviewed Defendant's request and supporting documents and found the requested amounts to be reasonable and in line

with rates charged by law firms practicing in this District.  No evidence has been presented that would compel a contrary conclusion.

                        B.   <u>Reconsideration of the Denial of Castillo's Motion for Sanctions Pursuant to 28 U.S.C. § 1927</u>

Castillo's third and fourth arguments pertain to the Court's denial of their motion for sanctions against Sheraton.  As a preliminary matter, the Court notes that the imposition of sanctions pursuant to 28 U.S.C. § 1927 is discretionary, and depends upon a finding of bad faith. <u>Schoenberg v. Shapolsky Publishers, Inc.</u>, 971 F.2d 926, 935 (2d Cir. 1992) (citing <u>Olivieri v. Thompson</u>, 803 F.2d 1265, 1273 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987)).

In support of their motion to reconsider, Castillo first argues that Sheraton's bad faith conduct in the state court proceeding following the dismissal of the second federal complaint caused the state court trial to be delayed from September 2009 to July 2010.   The record makes evident that no act or omission of Sheraton's caused the trial to be delayed until July.  Early in the December 17, 2009 conference held before New York Supreme Court Justice Sheinkman, Justice Sheinkman explained that he must schedule the trial for July in order to avoid conflict with his pre-existing trial schedule.  (Sheraton's Mem. in Opp., Ex. 3 at 12-13.)  Castillo also argues that Sheraton inappropriately conducted further discovery in conjunction with the state court proceeding.   Supreme Court Justice Sheinkman exercised jurisdiction over pre-trial discovery in the state court proceeding, and no evidence has been presented that suggests that Sheraton took any actions contrary to Justice Sheinkman's direction.

Castillo presents "newly discovered evidence" in the form of Sheraton's Post-Trial Memorandum filed on December 10, 2010 in the state court proceeding.  Castillo contends that this memorandum constituted a waste of judicial resources by raising exculpatory defenses that were raised on Sheraton's unsuccessful motion for summary judgment in this Court.  (Castillo's

Mem. in Supp., Ex. C.)  There is no impropriety in Sheraton raising their defenses as to the

contractual exculpatory clause in the state court proceeding, particularly in view of the fact that

Sheraton was expressly granted permission to do so by Justice Sheinkman.  (February 5, 2010

Conf. Tr., Sheraton's Mem. in Opp., Ex. 8, 1-4.)

Castillo's remaining argument is a restatement of an argument made in its original motion

for sanctions, and accordingly it is disregarded on the motion to reconsider.  Castillo argues that

the Court overlooked evidence set forth in the Bernstein Declaration that demonstrated that

Sheraton had concealed evidence of the lack of diversity between the parties from the

Court and Castillo.  After review of the declaration, the Opinion and Order specifically addressed

the Bernstein Declaration and found that "the Bernstein affidavit was an insufficient basis for

[Castillo's] conclusion of strategic suppression of evidence [of lack of diversity]."   (Opinion and

Order at 5.)  Castillo does not provide evidence such that would disturb the Court's conclusion

that the Bernstein affidavit constituted insufficient evidence to justify an award of sanctions.

Accordingly, Castillo's motion is denied.

II.      Sheraton's Motion for Sanctions Pursuant to 28 U.S.C. § 1927

Sheraton moves for attorneys fees incurred in responding to Castillo's motion pursuant to 28

U.S.C. § 1927.  In this Circuit, the imposition of sanctions under 28 U.S.C. § 1927 is warranted

where "there is a clear showing of bad faith on the part of an attorney." Shafii v. British Airways,

PLC, 83 F.3d 566, 571 (2d Cir.1996).  Sheraton has not established that Castillo, in filing this

motion for reconsideration, was acting in bad faith or for an improper purpose, and thus

Sheraton's motion is denied.

IT IS SO ORDERED.

Dated:  New York, New York

May _6_, 2011

_Robert P. Patterson, Jr._

Robert P. Patterson, Jr.

U.S.D.J.


**Copies of this order were faxed to:**

Todd Soloway
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
(212) 421-4100
Fax: (212) 798-6328

William A. Brewer III
Bickel & Brewer
767 Fifth Avenue, 50th Floor
New York, NY 10153
(212) 489-1400
Fax: (212) 489-2384

James S. Renard
Bickel & Brewer
4800 Bank One Center
1717 Main Street
Dallas, TX 75201
(214) 653-4000
Fax: (214) 653-1015